United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

―――――――

No. 03-40711

―――――――

BAUDELIO CASTILLO; JUAN MEZA; RICHARD ACEVEDO;
BRENT KENNEDY,

Plaintiffs-Appellees,

versus

CITY OF WESLACO; ET AL,

Defendants

FRANK CASTELLANOS, City Manager; J D MARTINEZ, Police
Chief; ENRIQUE GONZALEZ, Assistant Police Chief,

Defendants-Appellants.

―――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas

―――――――――――――――――

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Defendants-Appellants, Frank Castellanos, J.D. Martinez, and Enrique Gonzalez (collectively

"the Appellants"), bring this interlocutory appeal from the district court's denial of their summary

judgment motion asserting qualified immunity against the § 1983 claims brought by Plaintiffs-

Appellees, Baudelio Castillo, Juan Meza, Richard Acevedo and Brent Kennedy (collectively "the

Officers"). Because the district court failed to outline a "factual scenario it believes emerges from

viewing the summary judgment evidence in the light most favorable to" the Officers, retaining jurisdiction, we remand with instructions that the district court identify the factual scenario it presumed when it determined that the Appellants were not entitled to qualified immunity. *See White v. Balderama*, 153 F.3d 237, 242 (5th Cir. 1998).

I

This lawsuit arises out of a dispute between two competing unions over which will be the designated bargaining agent for the Weslaco police force, the suspension and termination of Baudelio Castillo, and allegations that the Weslaco Police Department retaliated against the Officers for their participation in the activities of one of the competing unions. The Texas Municipal Police Association ("TMPA") is the exclusive recognized bargaining agent for the Weslaco police force. *See* TEX LOC. GOV'T CODE ANN. § 174.102.[1] The Officers founded and operated a rival police union called the Weslaco Law Enforcement Association ("WLEA"). WLEA seeks to displace TMPA as the exclusive recognized bargaining agent for the police officers in the City of Weslaco. The Officers allege that Police Chief Martinez, Assistance Police Chief Gonzalez, and City Manager Castellanos used their official positions to retaliate against the Officers for their union activities.

The Officers initiated this case in state court raising both state law claims and First Amendment claims under § 1983. The Appellants promptly removed to federal court. The parties exchanged discovery and multiple motions for summary judgment, including one in which the Appellants asserted qualified immunity from this suit. After a status conference, the district court

---

[1] § 174.102. RECOGNITION OF BARGAINING AGENT FOR POLICE OFFICERS. A public employer shall recognize an association selected by a majority of the police officers of the police department of a political subdivision as the exclusive bargaining agent for the police officers of that department unless a majority of the police officers withdraw the recognition. Added by Acts 1993, 73rd Leg., ch. 269, § 4, eff. Sept. 1, 1993.

reserved judgment on the Appellants' assertion of qualified immunity and granted the Officers leave to file a Third Amended Complaint. In that complaint, the Officers raised only the First Amendment claims that are the subject of this appeal.

The Officers alleged that the Welsaco Police Department, through the actions of Martinez and Gonzalez, established a practice and custom of "retaliating against, harassing and intimidating in any possible way those officers involved with the WLEA." Further, they alleged that "this policy was acquiesced to and ratified by" City Manager Castellanos by his refusal to "exercise his right and authority to put a stop to the Defendants' unlawful conduct." Finding that the Officers sufficiently alleged a violation of clearly established federal law, the district court denied the Appellants' motion for summary judgment asserting qualified immunity and scheduled the case for trial. The Appellants brought this interlocutory appeal. *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806 (1985) (authorizing interlocutory appeal from the "denial of a claim of qualified immunity").

II

Qualified immunity is appropriate if "the defendant's actions were 'objectively reasonable' with reference to 'clearly established law' at the time of the conduct in question." *Petta v. Rivera*, 133 F.3d 330, 334 (5th Cir.1998); *see Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). The court must first identify the relevant clearly established law. *Petta*, 133 F.3d at 334. Then it must determine whether the defendant's actions were objectively reasonable. *Id.*

The Supreme Court has recognized that the second step of the *Harlow* test is different at the summary judgment stage than it is when the defendant asserts qualified immunity after the initial pleadings. *See Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834 (1996). "At the earlier stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized . . . ." *Id.* (emphasis in

3

original).  On summary judgment, "the plaintiff can no longer rest on the pleadings" and the court must look "to the evidence before it (in the light most favorable to the plaintiff) in conducting the *Harlow* inquiry." *Id.*  Consequently, the court must highlight evidence that, if interpreted in the light most favorable to the plaintiffs, identifies conduct by the defendant that violated clearly established law.  *Petta*, 133 F.3d at 333.  By outlining this factual scenario the court does not make a determination that the alleged conduct occurred. Rather, it concludes that there is evidence in the record that, when interpreted in the light most favorable to the plaintiff, establishes conduct by the defendant that violated clearly established law.  *See Colston v. Barnhart*, 146 F.3d 282, 284-85 (5th Cir. 1998) (concluding that the finding is for purposes of determining whether a "material issue of fact exists"), *denying reh'g in* 130 F.3d 96 (5th Cir. 1997).

Ordinarily the district court in denying the summary judgment motion will outline "the factual scenario it believes emerges from viewing the summary judgment evidence in the light most favorable" to the plaintiff.  *See Balderama*, 153 F.3d at 242.  It will also highlight the evidence in the record supporting its conclusions, and it will determine whether the defendant's conduct, as outlined in the factual scenario, was "objectively reasonable" in light of the relevant clearly established law. *See Petta*, 133 F.3d at 333-34.

In cases where the district court failed to outline the relevant factual scenario and the evidence in the record establishing the relevant conduct, the Supreme Court has authorized "the court of appeals [to] undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed." *See Behrens*, 516 U.S. at 313; *Balderama*, 153 F.3d at 242.  We, however, have determined that there is another option in these situations.  In certain cases, rather than combing through the record ourselves and concluding what

4

factual scenario the district court likely assumed in applying the *Harlow* test, we will remand to the district court so that it can outline the factual scenario it assumed in making its decision. *See Balderma*, 153 F.3d at 242. Although we are not required to make such a remand, in some cases it may provide a "more efficient alternative." *See id.*

In this case, the district court did not outline the factual scenario it assumed in construing the summary judgment evidence in the light most favorable to the Officers. In fact, it appears that it rested its ruling solely on the allegations made by the Officers in their Third Amended Complaint. This would be improper in light of the Supreme Court's instructions in *Behrens*. Considering it is not clear that the district court assumed a factual scenario supported by summary judgment evidence in applying the *Harlow* test, and if it did, what that factual scenario is, the more "efficient alternative" in this case is to remand to the district court for it to outline the factual scenario it assumed in making its decision.

III

We REMAND to the district court with instructions that, within sixty days after the entry of this remand, it provide a supplemental order setting forth the factual scenario that it assumed in construing the summary judgment evidence in the light most favorable to the Officers and therefore denying the Appellants' motion for summary judgment based on qualified immunity. We RETAIN jurisdiction over this appeal, and direct the clerk of this court to return the record to the district court. When the district court's supplemental order is entered in the district court, the clerk of the district court shall return the record, as so supplemented, to this court for disposition by this panel of this appeal.