United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 03-40711

———————

BAUDELIO CASTILLO; JUAN MEZA; RICHARD ACEVEDO;
BRENT KENNEDY,

Plaintiffs-Appellees,

versus

CITY OF WESLACO; ET AL,

Defendants

FRANK CASTELLANOS, City Manager; J D MARTINEZ, Police
Chief; ENRIQUE GONZALEZ, Assistant Police Chief,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, Chief Judge, and REAVLEY and GARZA, Circuit Judges.

PER CURIAM:

Defendants-Appellants, Frank Castellanos, J.D. Martinez, and Enrique Gonzalez (collectively

"the Appellants"), bring this interlocutory appeal from the district court's denial of their summary

judgment motion asserting qualified immunity against the § 1983 claims brought by Plaintiffs-

Appellees, Baudelio Castillo, Juan Meza, Richard Acevedo and Brent Kennedy (collectively "the

Officers"). We previously remanded this case to the district court with instructions to file a

supplemental order identifying the factual scenario it presumed when it determined that the Appellants were not entitled to qualified immunity. We now remand to the district court so that it may enter an amended order on the summary judgment motion consistent with the findings of its supplemental order.

I

This lawsuit arises out of a dispute between two competing unions over which will be the designated bargaining agent for the Weslaco police force, the suspension and termination of Baudelio Castillo, and allegations that the Weslaco Police Department retaliated against the Officers for their participation in the activities of one of the competing unions. The Texas Municipal Police Association ("TMPA") is the exclusive recognized bargaining agent for the Weslaco police force. *See* TEX LOC. GOV'T CODE ANN. § 174.102.[1] The Officers founded and operated a rival police union called the Weslaco Law Enforcement Association ("WLEA"). WLEA seeks to displace TMPA as the exclusive recognized bargaining agent for the police officers in the City of Weslaco. The Officers allege that Police Chief Martinez, Assistance Police Chief Gonzalez, and City Manager Castellanos used their official positions to retaliate against the Officers for their union activities.

The Officers initiated this case in state court raising both state law claims and First Amendment claims under § 1983. The Appellants promptly removed to federal court. The parties exchanged discovery and multiple motions for summary judgment, including one in which the Appellants asserted qualified immunity from this suit. After a status conference, the district court

---

[1] § 174.102. RECOGNITION OF BARGAINING AGENT FOR POLICE OFFICERS. A public employer shall recognize an association selected by a majority of the police officers of the police department of a political subdivision as the exclusive bargaining agent for the police officers of that department unless a majority of the police officers withdraw the recognition. Added by Acts 1993, 73rd Leg., ch. 269, § 4, eff. Sept. 1, 1993.

reserved judgment on the Appellants' assertion of qualified immunity and granted the Officers leave to file a Third Amended Complaint. In that complaint, the Officers raised only the First Amendment claims that are the subject of this appeal.

The Officers alleged that the Welsaco Police Department, through the actions of Martinez and Gonzalez, established a practice and custom of "retaliating against, harassing and intimidating in any possible way those officers involved with the WLEA." Further, they alleged that "this policy was acquiesced to and ratified by" City Manager Castellanos by his refusal to "exercise his right and authority to put a stop to the Defendants' unlawful conduct." Finding that the Officers sufficiently alleged a violation of clearly established federal law, the district court denied the Appellants' motion for summary judgment asserting qualified immunity and scheduled the case for trial. The Appellants appealed. *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806 (1985) (authorizing interlocutory appeal from the "denial of a claim of qualified immunity").

On appeal, we noted that the district court had not "highlight[ed] evidence that, if interpreted in the light most favorable to the plaintiffs, identifies conduct by the defendant that violated clearly established law." *Castillo v. City of Weslaco*, 369 F.3d 504, 506 (5th Cir. 2004). We therefore remanded the case, instructing the district court to "provide a supplemental order setting forth the factual scenario that it assumed in construing the summary judgment evidence in the light most favorable to the Officers and therefore denying the Appellants' motion for summary judgment based on qualified immunity." *Id*. at 507.

In its responsive supplement order, the district court concedes that, upon further review, it would modify its order to grant the Appellants' summary judgment motion with respect to two of the Officers, Juan Meza and Brent Kennedy.

## II

We VACATE the district court's denial of summary judgment and REMAND to the district court so that it may enter an order consistent with the findings in its supplemental order. Upon entry of the new order, any party who wishes to appeal should file a new notice of appeal, such appeal to be heard by this panel. In the event of such an appeal, we will consider all briefs filed prior to issuance of the district court's supplemental order. In addition, upon re–filing of notice of appeal, the parties may file supplemental briefs addressing the district court's new order.

VACATED and REMANDED. Jurisdiction is not retained. Each party shall bear its own costs.