United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40037
_____

BAUDELIO CASTILLO, ET AL,

Plaintiffs,

BAUDELIO CASTILLO; RICHARD ACEVEDO,

Plaintiffs-Appellees,

v.

CITY OF WESLACO; ET AL,

Defendants,

FRANK CASTELLANOS, City Manager; J.D. MARTINEZ, Police
Chief; and ENRIQUE GONZALEZ, Assistant Police Chief,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Southern District of Texas
(01-CV-99)
_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

The Plaintiff Police Officers Castillo, Acevedo, Meza,

and Kennedy initiated this suit against the City of Weslaco

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

and Defendant-Appellants City Manager Castellanos, Police Chief Martinez, and Assistant Police Chief Gonzalez, asserting claims under 48 U.S.C. § 1983 for allegedly retaliating against plaintiffs based on union activism. Finding that the Officers sufficiently alleged a violation of clearly established federal law, the district court denied the Appellants' motion for summary judgment asserting qualified immunity and the Appellants appealed.

In the City Officials' first appeal to this Court, we found that the district court had not "highlight[ed] evidence that, if interpreted in the light most favorable to the plaintiffs, identifies conduct by the defendant that violated clearly established law." *Castillo v. City of Weslaco*, 369 F.3d 504, 506 (5th Cir.2004). We then remanded the case to the district court with directions to "provide a supplemental order setting forth the factual scenario that it assumed in construing the summary judgment evidence in the light most favorable to the Officers and therefore denying the Appellants' motion for summary judgment based on qualified immunity." *Id.* at 507.

In a supplemental order, the district court decided that, upon further review, it would modify in part its order and grant the Appellants' summary judgment motion with

respect to two of the Officers, Juan Meza and Brent Kennedy. The same panel of this Court then vacated the district court's denial of summary judgment and remanded to the district court so that it could enter an order consistent with the findings in its supplemental order. Castillo v. City of Weslaco, 388 F.3d 464, 465. The district court did so, and in an order supported by a full discussion of the record, granted Appellants' motion for summary judgment based on qualified immunity with respect to Officers Meza and Kennedy, but denied the motion with respect to Officers Castillo and Acevedo, concluding that the summary judgment record reflected genuine issues of material fact. Appellants appeal this denial.

After considering the parties' briefs, oral arguments, and pertinent portions of the record, we agree with the district court's well-supported order. We agree with the district court that Appellees have demonstrated that their right to participate in union activities was clearly established. We also agree with the district court that issues of fact are presented regarding whether Appellees suffered adverse personnel action at the hands of the Defendants because of their association with and advocacy for a union competing for recognition as the bargaining

3

agent of the police department.  We therefore DISMISS the appeal.

DISMISSED.