# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2013

No. 12-31195
Summary Calendar

Lyle W. Cayce
Clerk

LAVELLE T. TULLIS,

Plaintiff-Appellant,

v.

SHIVANI NEGI; BARBARA WATKINS; HOLLIS REED; UNITED STATES
OF AMERICA; ERIC K. SHINESKI, Secretary of Veterans Affairs,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-cv-00807-DDD-JDK

Before WIENER, ELROD and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Lavelle T. Tullis ("Tullis") appeals the district court's decision to dismiss his *Bivens* claims as time barred. We AFFIRM.

Tullis is a military veteran who sought treatment at the Veterans Affairs Mental Hygiene Department ("mental health clinic") in Alexandria, Louisiana for Post Traumatic Stress Disorder with a cardiac dysrythmia component. In January 2007, the mental health clinic refused to give Tullis a prescription for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ativan. He was, however, permitted to receive Ativan from his primary care provider. Between January 2007 and May 2007, Tullis sought care from the mental health clinic on multiple occasions. He last sought care on May 24, 2007, when he made a request for general outpatient psychiatry that was subsequently denied. Tullis did not seek care from the mental health clinic again until June 2010.[1]

Tullis filed suit against Defendants, asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics.* 403 U.S. 388 (1971). Specifically, he argued that Defendants prevented him from obtaining Ativan and proper care from the mental health clinic. Defendants moved to dismiss Tullis' claims for lack of subject matter jurisdiction. The district court granted Defendants' motion, finding Tullis' claims untimely.[2]

"We review de novo a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction ." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (citation omitted). We view "all well-pled factual allegations of the complaint as true" and construe them "in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction "is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting

---

[1] Tullis claims that his July 2009 appearance in a photo for a weekly newspaper article about a veteran complaining of maltreatment constitutes evidence of his attempt to seek care. We agree with the district court that this does not constitute legal action sufficient to interrupt prescription. Moreover, this appearance occurred after the one-year prescriptive period during which Tullis' claim could have been filed.

[2] As the district court acknowledged, it is unclear whether Tullis alleged claims under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. The district court denied these claims on the ground that he failed to exhaust them. We agree. In his brief on appeal, Tullis does not argue that he exhausted administrative remedies with respect to the FTCA.

*Bell v. Health-Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).

On appeal, Tullis challenges the district court's ruling that his *Bivens* claims must be dismissed as untimely.  He argues that the mental health clinic repeatedly denied him treatment from January 2007 to June 2010 and that this constitutes a continuous tort, which tolls the running of prescription.  His argument lacks merit because he was not a patient at the mental health clinic from May 2007 to June 2010 and did not seek treatment from the clinic during that time period.  Therefore, he has not alleged a continuous tort.  *See McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 867 (5th Cir. 1993) (citation omitted) (affirming that "only continuous unlawful acts can form the basis of a continuous violation").

In federal courts, "[a] *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999).  Because Tullis' claims do not involve a continuous tort, Louisiana's one-year prescriptive period applies. La. Civ. Code Ann. art. 3492.  The period in which Tullis could have filed his *Bivens* claims expired on May 24, 2008—one year after his last visit to the mental health clinic.  Tullis, however,  did not file suit until June 2010.  Therefore, his claims are time barred.

For the foregoing reasons, the district court's grant of Defendants' motion to dismiss is AFFIRMED.