# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20245

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2018

Lyle W. Cayce
Clerk

BENEDICT EMESOWUM,

      Plaintiff - Appellee

v.

EDUARDO CRUZ; KIET TO,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2822

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

      Benedict Emesowum sued the City of Houston, its police chief Charles A. McClelland, and Officers Eduardo Cruz and Kiet To for constitutional violations and state law torts allegedly arising out of Emesowum's 2015 arrest in a Houston parking lot. Defendants moved for summary judgment on all claims. The district court granted the motion as to Emesowum's claims against the City and Chief McClelland, and as to Emesowum's state law claims against

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20245

Officers Cruz and To. But the court denied the officers' motion for summary judgment on the basis of qualified immunity as to Emesowum's 42 U.S.C. § 1983 claims. The officers appeal.

I.

"The denial of a motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine to the extent that it turns on an issue of law." *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017) (en banc) (quotation marks omitted). Accordingly, although we may review whether a fact issue is *material* to the qualified immunity analysis, we lack jurisdiction to consider whether a factual dispute is *genuine. Id.* In its order denying summary judgment, the district court held that "the evidence creates a disputed fact issue concerning [the officers'] entitlement to qualified immunity." But the court declined to specify what facts create the issue.

When the district court denies a motion based on qualified immunity "simply because 'fact issues' remain, this Court has two choices. We can either scour the record and determine what facts the plaintiff may be able to prove at trial and proceed to resolve the legal issues, or remand so that the trial court can clarify the order." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) (quoting *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 456 (5th Cir. 2001)). In this case, it is unclear from the record what facts the district court identified as disputed. We therefore conclude that a limited remand is the "more efficient alternative" here. *Castillo v. City of Weslaco*, 369 F.3d 504, 507 (5th Cir. 2004) (remanding appeal from denial of motion for summary judgment based on qualified immunity for additional fact finding); *White v. Balderama*, 153 F.3d 237, 242 (5th Cir. 1998) (same).

II.

We REMAND to the district court with instructions that, within ninety days after the entry of this remand, it provide a supplemental order setting

No. 17-20245

forth the factual scenario relevant to Officers Cruz and To's motion for summary judgment. We retain jurisdiction over this appeal.