# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2021

Lyle W. Cayce
Clerk

No. 20-20661
Summary Calendar

Damon Simon; Patrice Simon,

*Plaintiffs—Appellants*,

*versus*

Roche Diagnostics Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas.
USDC No. 4:20-CV-3625

Before Higginbotham, Jones, and Costa, Circuit Judges.
Per Curiam:*

Damon Simon and his wife Patrice filed a personal injury suit in Texas state court against Roche Diagnostics Corporation ("Roche") after Mr. Simon suffered a stroke. Simon had been monitoring his blood's anticoagulation levels using Roche's "CoaguChek XS" at-home testing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20661

machine.  The couple allege the machine's faulty test strips provided inaccurate results that left him unaware he was in danger of blood clots. Roche removed the case to the Southern District of Texas and moved to dismiss because plaintiffs' claims were barred by Texas's two-year statute of limitations.  The district court granted the motion, and the Simons have appealed.  We AFFIRM.

In the early hours of May 26, 2018, Mr. Simon suffered a stroke, although plaintiffs assert that he had tested his anticoagulation level that evening with the Roche strips.  The Simons allege that contrary to the strips' display, the hospital personnel informed them that Mr. Simon's anticoagulation levels were very low, and that Mr. Simon's anticoagulation levels "wouldn't dip that fast."

In November of that year, Roche issued a nationwide recall of the CoaguChek strips that Mr. Simon had been using, and a Roche representative called Mr. Simon on November 2, 2018, asking him to return the strips.

Close to two years later, the Texas Supreme Court extended most filing deadlines to September 15, 2020, because Texas was under a "state of emergency" due to the COVID-19 pandemic.  The couple filed suit pro se against Roche on September 24, 2020.  As noted above, the case was dismissed for untimely filing under Texas law.

## DISCUSSION

A district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is subject to *de novo* review.  *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010).

The Simons argue that their September 24, 2020, filing is not outside Texas's two-year statute of limitations because the date their claims accrued

for statute of limitations purposes was the day that Roche telephoned Mr. Simon to recall the strips. Therefore, they continue, their September filing was timely, because the statutory period didn't run until November 2, 2020. To support this alternative date, the Simons contend that the "discovery rule" applies to their case.

In Texas, "a cause of action accrues and the two-year limitations period begins to run as soon as the owner suffers some injury, regardless of when the injury becomes discoverable." *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 458 (Tex. 1996). The discovery rule is one of two exceptions that can extend the statute of limitations. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 65 (Tex. 2011). The discovery rule provides that "the cause of action does not accrue until the injury could reasonably have been discovered," and it is applied "categorically to instances in which 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.* at 65–66 (citing *Comput. Assocs. Int'l, Inc.*, 918 S.W.2d at 456). However, the discovery rule does not apply to cases where "the traumatic or injurious event causing personal injury is sudden and distinguishable, and the plaintiff knew that injury occurred at the time the event occurred." *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 721 (Tex. App. 1998).

Texas courts have applied the rule to certain types of latent injuries, like mesothelioma caused by exposure to asbestos or human immunodeficiency virus contracted by a nurse exposed to a patient's blood. *Childs v. Haussecker*, 974 S.W.2d 31, 37–38 (Tex. 1998). Key in these cases is the latent nature of the injury, which typically means the injured party "does not and cannot immediately know about the injury or its cause because these injuries often do not manifest themselves for two or three decades following exposure to the hazardous substance." *Id.* at 38. The discovery rule "operates to defer accrual of a cause of action until a plaintiff discovers or,

through the exercise of reasonable care and diligence, should discover the 'nature of his injury.'" *Id.* at 40. Even in the category of latent-type injuries, such as those from exposure to asbestos, courts have determined that the statute of limitations begins to run when a plaintiff knows *or should have known* the cause of the injury. *Glassock v. Armstrong Cork Co.*, 946 F.2d 1085, 1092 (5th Cir. 1991).

In this case, the injury was immediately apparent—Mr. Simons suffered a stroke. Further, given the proximity between the stroke and the perhaps erroneous reading on the Roche device, compounded by the hospital personnel's statement that the levels don't dip that fast, their pleadings indicate that they *should have known* his stroke was likely caused by the faulty product. Consequently, even under the discovery rule, the date of the injury—May 26, 2018—was the date the statute of limitations began to run.

We see nothing in Texas law that suggests this fact-specific application of the discovery rule merits certification to the state Supreme Court.

The district court correctly held that the Simons's claim is time-barred by the Texas statute of limitations.                    AFFIRMED.