# United States Court of Appeals for the Fifth Circuit

---

No. 24-10658
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

Bruce Dwain Copeland,

> *Plaintiff—Appellant*,

*versus*

E\*Trade Capital Management, L.L.C.; E\*Trade Securities, L.L.C.; Morgan Stanley Services Group, Incorporated; Morgan Stanley Capital Group, Incorporated; Brian C. Ostler, Sr.; Law Offices of Brian C. Ostler, Sr.,

> *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1374

---

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Plaintiff-Appellant Bruce Dwain Copeland appeals the district court's *sua sponte* dismissal of his complaint for lack of subject matter

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

jurisdiction against Defendants-Appellees E*Trade Capital Management, L.L.C., E*Trade Securities, L.L.C. (collectively, "E*Trade"), Morgan Stanley Services Group, Incorporated, Morgan Stanley Capital Group, Incorporated (collectively, "Morgan Stanley"), Brian C. Ostler, Sr., and the Law Offices of Brian C. Ostler, Sr (collectively, "Ostler"). For the reasons that follow, we AFFIRM.

I

Copeland, a Louisiana citizen, sued Ostler in a California federal district court alleging that Ostler had fraudulently obtained a judgment lien against Copeland that his brokerage firm, E*Trade, satisfied more than a decade ago. The California district court issued, and Copeland served, a subpoena on the Dallas offices of E*Trade's parent company, Morgan Stanley, that sought records of the lien and payment. After Morgan Stanley informed Copeland that "they ha[d] nothing to give," he sued Defendants-Appellees in a Texas federal district court asserting diversity jurisdiction under 28 U.S.C. § 1332. Copeland's complaint alleges, *inter alia*, that Defendants-Appellees violated and conspired to violate § 17(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by failing to maintain the subpoenaed records. *See* 15 U.S.C § 78q(a)(1).

The case was referred to a magistrate judge who *sua sponte* issued a recommendation to dismiss Copeland's suit for lack of subject matter jurisdiction for two reasons. First, Copeland had not properly established a basis for diversity jurisdiction because he did not specifically allege the citizenship of every member of the E*Trade defendants—both of which are limited liability companies. Second, Copeland's Exchange Act claims could not establish federal question jurisdiction because § 17(a) does not provide a private right of action. The magistrate judge informed Copeland of his right to object to the report and recommendations, which "offer[ed] Copeland an

opportunity to establish (if possible) that the Court does have subject matter jurisdiction." Copeland did not object to the magistrate judge's report and recommendations, which the district court adopted. The district court subsequently entered a final judgment dismissing without prejudice Copeland's suit. Copeland timely appealed.

## II

"We review de novo the district court's dismissal for lack of subject matter jurisdiction." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995); *see also Huluwazu v. Sec'y of the Air Force*, 744 F. App'x 211, 214 (5th Cir. 2018). Copeland argues that his complaint's allegations support both diversity and federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. We address each in turn.

*First*, Copeland's complaint does not sufficiently allege facts necessary to establish diversity jurisdiction with respect to the E*Trade defendants. As we recently explained:

> Diversity jurisdiction is proper only if there is complete diversity of citizenship among the parties. . . . We have repeatedly held that the citizenship of an LLC is determined by the citizenship of its members. At the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each LLC's members.

*Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (citations omitted). Copeland's complaint alleges that the E*Trade defendants are "located in the State of Virginia" and have "business address[es] in the State of Texas . . . ." Even construing his complaint liberally, Copeland's allegations support, at most, where the E*Trade defendants maintain their principal place of business and where they do business. "[B]ut neither allegation is relevant to an LLC's citizenship." *Id.* at 660.

No. 24-10658

*Second*, Copeland's claims under § 17(a) of the Exchange Act cannot support federal question jurisdiction. "Federal subject matter jurisdiction exists if a complaint states a claim arising under the Constitution, laws or treaties of the United States even though, on the merits, the plaintiff has no federal right." *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977). In other words, "where a plaintiff asserts that a private right of action is implied from federal law, federal courts [generally] do have the requisite subject matter jurisdiction to determine whether such a federal remedy exists." *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 156 n.2 (5th Cir. 1981); *see also Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) ("[T]he pleading burden to establish federal question jurisdiction is low[.]").

However, "[w]hen a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Young*, 598 F.3d at 188 (quoting *Bell*, 549 F.2d at 344). Here, Copeland's claims under the recordkeeping provisions of § 17(a) of the Exchange Act are clearly foreclosed by Supreme Court precedent. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 560 (1979) (holding that "[t]here is no implied private cause of action for damages under § 17(a)" of the Exchange Act); *see also id.* at 569 ("[Section] 17(a) neither confers rights on private parties nor proscribes any conduct as unlawful."); *id.* at 570 ("[T]here is no basis in the language of § 17(a) for inferring that a civil cause of action for damages lay in favor of anyone.").

## III

For the foregoing reasons, the judgment of the district court dismissing Copeland's claims without prejudice for lack of subject matter jurisdiction is AFFIRMED.

4