# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10933
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2025

Lyle W. Cayce
Clerk

Asem Farooq,

*Plaintiff—Appellant*,

*versus*

Cody Cofoer & James Luster Law Firm,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-629

———————————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

The district court dismissed Asem Farooq's "ineffective counseling" lawsuit without prejudice for lack of subject matter jurisdiction, finding that the allegations in Farooq's complaint failed to support either diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Our review is de novo. *See Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10933

*First*, Farooq's complaint does not sufficiently allege facts necessary to establish diversity jurisdiction. "Diversity jurisdiction is proper only if there is complete diversity of citizenship among the parties," *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (citations omitted), and when the amount in controversy exceeds $75,000, *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Farooq does not allege his own citizenship, the citizenship of the Cody Cofoer & James Luster Law Firm, or that the amount in controversy exceeds $75,000. Diversity jurisdiction therefore cannot attach.

*Second*, liberally construing his complaint, Farooq alleges Sixth Amendment and Fourteenth Amendment ineffective assistance of counsel claims via 42 U.S.C. § 1983, which, on their face, may support federal question jurisdiction. *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344 (5th Cir. 1977) ("Federal subject matter jurisdiction exists if a complaint states a claim arising under the Constitution, laws or treaties of the United States even though, on the merits, the plaintiff has no federal right."). However, "[w]hen a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is . . . proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell*, 549 F.2d at 344). Here, Farooq's § 1983 claims are properly seen as "frivolous or insubstantial" because he is suing a private law firm and does not otherwise allege that the firm acted under color of state law. *See Hernandez v. Causey*, 124 F.4th 325, 339 (5th Cir. 2024) ("Section 1983 applies only when the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." (quotations omitted)).

AFFIRMED.