# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2026

Lyle W. Cayce
Clerk

No. 25-11147

Caleb B. Jones-Timms,

*Plaintiff—Appellant*,

*versus*

Freedom Chevrolet Buick GMC,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-1209

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Caleb B. Jones-Timms seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil action for lack of subject-matter jurisdiction and alternatively for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and the denial of his postjudgment motion. By moving to proceed IFP, Jones-Timms is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

202 (5th Cir. 1997). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Jones-Timms contends that the district court erred in determining that he had not established subject-matter jurisdiction because he merely invoked federal statutes without establishing a plausible foundation for the claims. Because such claims were not "'patently without merit,'" dismissal for lack of subject-matter jurisdiction was erroneous. *See Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (internal citation omitted). As Jones-Timms has shown a nonfrivolous issue for appeal, and he has also shown that he qualifies as a pauper, the motion to proceed IFP is GRANTED. *See Howard*, 707 F.2d at 220; *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

To the extent Jones-Timms argues it was improper to dismiss his complaint prior to service on the defendant, he fails to show error. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991). However, when his pro se brief is liberally construed, *see Morrow v. F.B.I.*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), Jones-Timms also raises the meritorious argument that the district court erred by failing to consider his amended complaint before dismissing for failure to state a claim. Because the defendant had not been served with the original complaint, Jones-Timms was allowed to amend his complaint once as a matter of course, and the amended complaint superseded the original. *See* FED. R. CIV. P. 15(a)(1)(A); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Further, because the district court first determined that the amended complaint failed to state a claim in its order denying Jones-Timms's post-judgment motion, he was effectively deprived of the opportunity to seek leave to amend his complaint under the discretionary provisions of Rule 15(a)(2). *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

No. 25-11147

In view of the foregoing, we VACATE the district court's judgment and REMAND to the district court for further proceedings, including consideration in the first instance of whether Jones-Timms should be permitted to further amend his complaint. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1190 (5th Cir. 1984).