ROBERTSON, Justice.
This is an appeal by the Defendant, Mrs. Cassie H. Murphy, from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirming a judgment of the County Court in favor of .the Plaintiffs, Charles B. Paxton and wife, Dorothy P. Paxton, for $2,238.11 damages to their home.
In their declaration plaintiffs alleged that about 9:30 a. m. on March 25, 1963, the defendant negligently and carelessly drove her automobile out of her own driveway and across the street into the home of the plaintiffs damaging their home and personal property in the amount of $2,463.11.
Plaintiffs alleged that the damages to their property were the direct and proximate result of the grossly careless, negligent, culpable and wanton acts of the defendant. In her answer, the defendant denied that she was guilty of any negligence and averred that:
“ * * * on or about March 25, 1963, when the automobile in which she was sitting backed into the property of Plaintiffs that Defendant was, without any fault on her part, made suddenly ill and became unconscious when said automobile, without her knowledge, became in operation and ran out backward from the driveway of Defendant, across the street and on and into the property of Plaintiffs, for which occurrence Defendant is not liable to Plaintiffs.”
The Stipulation of Parties as to Facts provides, in part, as follows:
“The parties hereto stipulate that the defendant did back into the house of plaintiffs on March 25, 1963, at about 9 o’clock a. m. The defendant in accordance with her statement had a prescription filled for ‘Butisol’ tablets and defendant had taken one of said Butisol tablets at about 8 o’clock a. m. on March 25, 1963. It is stipulated that the plaintiffs could produce a qualified registered pharmacist either from the Patterson-Rexall Drug Store that filled the prescription or from some other local drug store who would testify that the drug ‘Butisol’, a trade name, is a derivative of Phenobarbital and is a barbiturate. The expert pharmacist would testify that in his *245 opinion it is dangerous for a patient who is taking this medicine to drive an automobile.
“It is further stipulated by the parties that the plaintiffs could produce testimony which would directly contradict the statement of the defendant attached hereto wherein the statement is made that the defendant lost consciousness and was carried to her bed before she could remember anything. That plaintiffs’ testimony would show that a witness who observed the crash saw defendant step out of the automobile almost immediately after the crash and inspect the damage and drive the automobile all the way from the point of impact with the house across the yard to the shallow ditch immediately on the edge of Woodland Drive on the side of the street on which plaintiffs reside where the car stalled and would not go further. It is distinctly understood and agreed that this stipulation is not a concession by the defendant that said testimony is true but simply an admission that plaintiffs can produce such testimony.”
In the Statement of Defendant, attached to and made a part of the stipulation, the defendant said:
“If I were present, duly sworn, and could testify in open Court, I would state that in March, 1963, I was under treatment of Dr. F. E. Werkheiser and Dr. Perrin L. Berry, both of Jackson, Hinds County, Mississippi, for fluttering stomach, which caused gas to form on my stomach that produced nervousness, dizziness, and occasional temporary blindness with high blood pressure, which was diagnosed as arterioschlerotic heart disease, with acute pulmonary edema by the doctors, otherwise known as heart condition with accumulation of fluid in my lungs.
“I was put on medication on March 22, 1963, by Dr. Werkheiser of ‘Butisol’ tablets, to be taken three times each day, at 8 A.M., 2 P.M., and 8 P.M.
“On March 25, 1963, the date of the accident in which my automobile backed into the house of the Plaintiffs, I took one of these Butisol tablets at about 8 A.M., and at about 9 A.M. went out to the automobile in my driveway to drive to the grocery store from my house at 4341 Woodland Drive in Jackson, Mississippi.
“As I started the motor and put the automobile in reverse gear, I suddenly lost consciousness, and the next thing I knew I was in bed, where I had been carried, painfully but not seriously injured. * * * ”
Dr. F.' E. Werkheiser in his statement attached to the stipulation confirmed the defendant’s statement in these words:
“Mrs. J. J. Murphy consulted me on March 22, 1963 complaining of a fluttering in her stomach, blindness, dizziness and much gas on her stomach. * * * At this time she was put on tablets for her stomach and medication for her nerves, to be taken at 8:00 a. m., 2:00 p. m., and 8:00 p. m.”
The appellant argues that this was the first time that she had ever “blacked out” completely or lost all conscious control of her nerves, muscles, physical and mental awareness, and, therefore, she had no warning or reason to anticipate that she would be so stricken. She concludes that she should not be held liable for an accident resulting from her involuntary actions while she was unconscious.
The leading Mississippi case on this subject is Dickinson v. Koenig, 242 Miss. 17, 133 So.2d 721 (1961), wherein this Court said:
“The primary issue raised by the plaintiffs in the court below was whether the operator of a motor vehicle who is suddenly stricken by a fainting spell and loses consciousness from an unforeseeable cause is chargeable with negligence. Many courts have granted peremptory instructions in favor of defendants under *246 such circumstances. Other courts have determined that similar facts present an issue for the jury. This case, being one of novel impression in this State, was submitted to the jury by the trial court, and we think under proper instructions.” 242 Miss, at 22, 133 So.2d at 722.
“The proof shows without dispute that the defendant Wenstrom was in good health and had never been suddenly stricken by a fainting spell at any time previous to the accident; and his testimony in regard to being suddenly stricken and losing consciousness, causing the automobile to veer to the left and leave the highway, was wholly undisputed. Nevertheless, we are of the opinion that the issue was properly submitted to the jury as to whether or not he was in fact suddenly stricken with a fainting spell and lost consciousness from an unforeseeable cause.” 242 Miss, at 24, 133 So.2d at 723.
In the instant case, the defendant consulted a doctor three days before the accident and complained of “a fluttering in her stomach, blindness, dizziness and much gas on her stomach.” Knowing of these illnesses and disabilities at least three days before the accident, it became a question for the trier of facts as to whether the defendant was thus forewarned and should have foreseen a loss of consciousness or possible temporary blindness.
The County Judge, acting as both judge and jury, found that, according to the defendant’s own statement and the doctor’s statement, that she was forewarned and was, therefore, guilty of negligence in attempting to drive a powerful automobile under these circumstances.
We think that the County Judge was eminently correct in his findings and that such findings were amply supported by the evidence. The Circuit Court, acting as an intermediate appellate court, affirmed the judgment of the County Court, and we likewise affirm the judgment of both the Circuit Court and County Court.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.