JONES, Justice.
The cases of both plaintiffs, appellees here, were tried in the County Court of Harrison County at the same time. There was an appeal to the circuit court and from the judgments of the circuit court, Gary Keener, defendant below, appeals here. Separate judgments were rendered in the two cases. When we refer herein to “judgment,” we are including both judgments.
This record on appeal to the circuit court and here needlessly contains all of the proceedings in three separate trials in the *686 county court and certainly gives rise to complaints by litigants as to expenses of litigation.
The case was first tried in the county court and a mistrial was declared before it reached the jury. It was again tried in county court; a verdict was rendered by the jury and a motion for a new trial was sustained by the county court. No bill of exception to such ruling appears in the record. It was then tried for the third time; judgment was rendered for plaintiffs, and on motion, such judgment was set aside and judgment entered notwithstanding the verdict for the defendant. On appeal to the circuit court, the county court was reversed and the jury’s verdict reinstated. The case comes here on appeal from such last judgment.
The only necessary part of the record, on this appeal, as well as the appeal to the circuit court, was the record of the last trial and to include these other trials, as stated, needlessly increases the expenses upon the litigants and consumes the time of this Court in examining a large, unnecessary record of over four-hundred pages when the record of the last trial would have consisted of less than one-hundred pages. Furthermore, depositions were taken and each was copied word for word twice, presumably because there were two cases, and the depositions themselves showed that they were applicable in each case.
The suits were to recover damages to the automobiles of the plaintiffs which resulted from the following occurrences. The plaintiffs’ cars were parked in regular parking spaces at Keesler Air Force Base. Defendant was driving his car enroute to see a doctor at the base hospital. For some reason, as he approached the place where the cars of plaintiffs were parked, defendant’s car turned from the right-hand lane across the left-hand lane and struck the cars of the plaintiffs which were parked off of the street in a parking place provided therefor.
No question as to the defendant’s car striking plaintiffs’ cars, or as to the amount of damages, is involved here. The only assignment of error is that the circuit court erred in reversing the action of the county court and reinstating the judgment rendered there in favor of the appellees. Appellant’s defense was that for some reason unknown to him, and of which he had no warning, he suddenly lost consciousness as he approached plaintiffs’ cars, and thus being unable to drive his car, the accident occurred.
One of the plaintiffs’ witnesses testified that he saw the defendant fall forward against the steering wheel as he was approaching, and this witness, who was traveling south while the defendant was going north, seeing defendant’s car in his (witness’) lane stopped in order to avoid a possible collision.
One of the defendant’s witnesses, traveling north behind the defendant, testified that he saw him slump over, fall to the right, and disappear below the top of the seat of his car.
The defendant himself, testified that for about two months, he had been suffering with headaches; that the doctor had prescribed medicine for these headaches; and that the last dose of the medicine taken by him was about twelve or thirteen hours prior to the accident. It was not shown in the record what kind of medicine it was, and whether it could or would affect the defendant in such a way as to make it dangerous for him to drive an automobile.
There was no cause shown as to why he suffered the headaches. His doctor was not introduced, nor his absence explained. The defendant only testified that he had not “blacked out” prior to this occasion.
We have at least two prior cases in Mississippi applicable hereto. One is Dickinson v. Koenig, 242 Miss. 17, 133 So.2d 721 (1961), where the primary issue was whether the driver of a car suddenly stricken with a fainting spell, or losing consciousness for an unforeseen cause, is chargeable with negligence. This was the claim of the *687 defendant in that case, and apparently the only possible contradiction was that the car traveled in a straight line, into a culvert, and, it was argued, that such was impossible unless the car had been guided by someone.
The proof in that case showed the driver was in good health and had never before been suddenly stricken with a fainting spell. His testimony as to fainting was wholly undisputed, and yet, our Court held that the issue was properly submitted to the jury as to whether he, in fact, suddenly was stricken with a fainting spell, and if so, whether he lost consciousness from an unforeseeable cause.
Some courts, as shown by the Dickinson case, have determined that similar facts presented issues for the jury, while others have granted peremptory instructions in favor of defendant under such circumstances. As shown, our Court held that the case was properly submitted to the jury on these issues, but stated that the opinion was not to be construed to mean that the issue should be submitted to the jury in every case.
In Murphy v. Paxton, 186 So.2d 244 (Miss.1966), the defendant’s car was driven into the residence of the plaintiff and judgment was rendered against the defendant, Mrs. Murphy, for damages resulting therefrom. Her defense was that as she drove her car from her property, attempting to back from her driveway, she suddenly became ill and lost consciousness.
It was shown, in that case, that defendant was suffering with a fluttering stomach which caused gas to form and produced nervousness, dizziness, and occasional temporary blindness with high blood pressure, which was diagnosed as arterioschlerotic heart disease, with acute pulmonary edema Her doctor had prescribed “Butisol,” a trade name for a derivative of Phenobarbital, a barbiturate. She had taken one of these tablets about eight o’clock a. m., and the accident occurred about one hour later. This Court held that her knowledge of her illness and disabilities, at least three days before the accident, created an issue for the trier of facts as to whether she was forewarned, and should have foreseen a loss of consciousness or possible temporary blindness.
The county judge, acting as judge and jury, found that she was forewarned, and was, therefore, guilty of negligence in attempting to drive an automobile under these circumstances. The case was affirmed here.
We think that these two cases are applicable here. The defendant, Keener, had been suffering with headaches for sometime ; had been consulting a physician; and had been taking a prescription medicine ordered by the doctor. There was also evidence that the defendant appeared, just a few seconds or minutes after the accident, hale and hearty, and, as one witness put it, “pretty sharp.”
We think, under these cases above mentioned, an issue of fact was presented for the jury, both as to whether the defendant actually fainted, and as to whether he was, or should have been, forewarned of the probabilities thereof, and was therefore negligent.
In the Dickinson case, supra, this Court said that the decision was not to be construed as holding that every case should be submitted to the jury, but, because of the easy simulation of fainting, and the potential for possible frauds, resulting from simulations thereof, we hold that one whose defense is that he suddenly sustained a loss of consciousness, should be required to.present to the court all of the evidence known to him or of which he has information or show that such evidence is unavailable and why. In this case, the doctor was not summoned and neither was there any evidence pertaining to the defendant’s medicine and its possible or probable effects, *688 which we think is essential to a defense of this nature.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and INZER, JJ., concur.