ETHRIDGE, Chief Justice.
James F. Pinnix, plaintiff-appellee, recovered a judgment for personal injuries and property damage against defendant-appellant, Arthur J. Warren, in the Circuit Court for the First Judicial District of Hinds County. Warren was driving his automobile north on State Street in Jackson at a slow speed when it suddenly cut across into the southbound lane and collided with Pinnix’s car. Warren’s affirmative defense to the suit was that immediately before his car crossed the center of the road and while he was driving on his proper side, he suddenly lost consciousness from a cerebral vascular accident, or stroke, which he could not reasonably foresee and that this stroke was the sole proximate cause of the accident.
The driver of an automobile is not ordinarily chargeable with negligence when he becomes suddenly stricken by a fainting spell or loses consciousness from an unforeseen cause and is unable to control his car. Loss of consciousness while driving is a defense to an action based on negligence, if such loss of consciousness was not foreseeable. There must be a sudden and unforeseeable loss of consciousness. 8 Am.Jur.2d, Automobiles and Highway Traffic § 693 (1963); Restatement Torts Second § 283C(b), (c) (1965); 60A C.J.S. Motor Vehicles § 264 (1969). In short, because negligence presupposes a voluntary act, the actor cannot be negligent for what he does or fails to do while he is unconscious. However, the actor will be negligent if he fails to heed a warning in the way that a reasonable man would. 2 Harper & James, The Law of Torts § 16.7 (1956); Annot., 28 A.L.R.2d 12 (1953).
Dickinson v. Koenig, 242 Miss. 17, 133 So.2d 721 (1961), held that whether the driver of an automobile was suddenly stricken and lost consciousness from an unforeseeable cause does not have to be submitted to the jury, but under the circumstances of that case, it was properly a jury issue.
In Murphy v. Paxton, 186 So.2d 244 (Miss.1966), the trier of fact was affirmed *664 in his finding that according to the defendant’s and her physician’s statements, she was forewarned and was therefore guilty of negligence in attempting to drive an automobile when she had been taking barbiturates for three days under a doctor’s orders for heart disease.
In Keener v. Trippe, 222 So.2d 685 (Miss.1969), the defendant had been suffering for two months with headaches and was taking prescribed medication. No medical testimony was introduced. The defendant simply testified that he had “blacked out” before his car crossed into another lane and struck parked cars. The Court held that issues were presented for the jury as to whether defendant fainted and whether he should have been forewarned of such a probability. It was said that because of the “easy simulation of fainting and the potential for possible frauds” in such cases, a defendant should present all of the evidence on this issue which is known to him, including medical testimony, if any. Judgment for plaintiffs was affirmed.
Although the evidence to support the jury’s verdict is fairly weak, we think that it was sufficient to make jury issues on (a) whether Warren had a stroke immediately before the collision, and (b) whether he reasonably could have foreseen such disability. It is undisputed that he had a stroke or a cerebral vascular hemorrhage, shortly after the collision he fell to the ground unconscious, and that he was in a coma at the hospital for twelve hours. However, there is evidence that Warren, immediately after the accident, undertook to start his motor, and that he extracted his driver’s license from his wallet at the request of a police officer. On the issue of foreseeability, two doctors who had treated Warren for a number of years stated that, although from time to time he had an elevated but not a high blood pressure and occasionally took medication for it, he could not have foreseen that he might have a stroke. Eight blocks before the collision, Warren felt some numbness in his jaw, but it seemed inconsequential. He had been in an accident the day before, without fault on his part, but the evidence indicates that this had not affected his blood pressure.
On this affirmative defense, the burden of proof was on defendant to show that he suffered a sudden, unexpected disability, but this case is much stronger than the three earlier cases from this jurisdiction in support of this defense. Under these circumstances, the plaintiff obtained only one instruction directed toward the defense. We think it was erroneous in part, probably misleading to the jury, and thus reversible error. It stated that defendant must prove that “he had no warning of a sudden physical disability.” It then said:
He must prove to you by preponderance of the evidence that he had taken precautions to guard against a sudden onset of total physical disability that would render him suddenly incapable of controlling his car. In considering this burden of proof on the part of the Defendant, you may take into consideration any prior history of physical difficulty by Defendant and any prior requirement of medication that Defendant should have taken to guard against sudden physical disability and you may take into consideration any physical disability or incidents that reasonably should have put Defendant on guard or under reasonable apprehension that there would be a possibility of physical difficulty in the operation of his car.
There is no evidence to indicate that Warren should have taken “precautions to guard against a sudden onset of total physical disability * * * ” What precautions could have been taken ? Warren’s doctors said that he could not foresee a stroke. Assuming the jury could find otherwise that the stroke was reasonably foreseeable, no evidence reflects that “precautions” should have been taken, or what they might be. Further, the instruction *665 itemizes various types of evidence which might negative the defense; it “adds on” item after item, instead of simply stating what the defendant must show as a matter of law in order to support his defense.
Reversed and remanded.
RODGERS, JONES, BRADY and INZER, JJ., concur.