829 So.2d 519 (2002)
STATE of Louisiana
v.
Tarell STEVENSON.
No. 02-KA-347.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Alison Wallis, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD).
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, *520 Tarell Stevenson, with aggravated flight from an officer under circumstances where human life is endangered, in violation of LSA-R.S. 14:108.1. Defendant initially pled not guilty but later accepted a plea bargain, withdrew his former plea, and entered a plea of guilty as charged. Pursuant to the plea agreement, the trial judge sentenced defendant to one year at hard labor to run consecutive to his current sentence.[1]
Thereafter, the state filed a multiple offender bill of information alleging defendant to be a second felony offender based on a 1997 conviction for theft. After a hearing, the trial court found defendant to be a second felony offender and sentenced him as a multiple offender to one year at hard labor without the benefit of probation or suspension.
Defendant now appeals asserting that the trial court failed to sentence him in accordance with the plea agreement. He maintains that he was supposed to be sentenced to one year at hard labor but was actually sentenced to one year without the benefit of probation or suspension.[2] On appeal, defendant asks that he be resentenced in accordance with the plea agreement. He does not allege that his guilty plea was not knowingly and intelligently entered and does not ask to withdraw his guilty plea.
In the present case, defendant entered into a plea agreement with regard to the aggravated flight charge. He did not stipulate to or enter into any type of plea agreement with regard to the multiple offender bill of information. Instead, he chose to exercise his right to a hearing. Thereafter, the trial judge sentenced him as a multiple offender to one year at hard labor without the benefit of probation or suspension. At that time, defendant failed to object to the multiple offender sentence and also failed to file a motion to reconsider his sentence. LSA-C.Cr.P. art. 881.ID provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider may be based ... shall preclude the state or defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Accordingly, we find that defendant is precluded from appealing his multiple offender sentence due to his failure to object to the sentence or to file a motion to reconsider sentence.
Moreover, we find that the sentence as imposed by the trial judge was not inconsistent with the promises made to defendant in the plea bargain agreement relating to aggravated flight. On the waiver of rights form which defendant executed with regard to aggravated flight, he was advised that he would be sentenced to "1 yr DOC to run consecutive with sentence now being served; if State files a multiple bill the Court will vacate this sentence & resentence the defendant to 1 yr as a multiple offender to run consecutive with sentence now being served; the State will not file a multiple bill in matter 99-7697." There is nothing in either the waiver of rights form or the transcript *521 which indicates whether defendant's multiple offender sentence would be served with or without benefits. Pursuant to LSA-R.S. 15:529.1(G), any sentence imposed under the habitual offender statute must be served without the benefit of probation or suspension of sentence. Moreover, under LSA-R.S. 15:301.1, the "without benefit of probation or suspension of sentence" portion of the habitual offender statute is self-activating. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790. Accordingly, we find that the trial judge did not err, nor did he violate the terms of the initial plea agreement, when he imposed defendant's multiple offender sentence without the benefit of probation or suspension.
For the reasons set forth herein, we affirm defendant's conviction and sentence for aggravated flight as well as his adjudication and sentence as a multiple offender.
AFFIRMED.
NOTES
[1] At the time of his plea, defendant was serving a five-year sentence for possession of cocaine, which was the subject of a previous appeal, State v. Stevenson, 02-0079 (La.App. 5 Cir. 4/30/02), 817 So.2d 343.
[2] In brief, defendant argues he was sentenced without the benefit of parole, probation or suspension of sentence. However, the record indicates that defendant was sentenced without the benefit of probation or suspension of sentence, with no restriction on his eligibility for parole.