LEE, C.J., for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On August 6, 2006, Mary Carolyn Webb was standing facing a slot machine at Imperial Palace Casino in Biloxi, Mississippi, when James Taranto, an on-duty casino security officer, fell into her. Tar-anto and Webb fell to the floor. Webb and Taranto denied medical treatment, and Taranto finished his shift without incident.
¶ 2. Webb filed a complaint against Imperial Palace in the Harrison County Circuit Court seeking damages for injuries she sustained in the fall. Imperial Palace filed an answer and participated in discovery and depositions. Imperial Palace then moved for summary judgment, which the trial court granted. Webb now appeals, arguing that summary judgment was inappropriately granted.
STANDARD OF REVIEW
¶ 3. In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review. Anglado v. *760 Leaf River Forest Prods., 716 So.2d 543, 547 (¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
DISCUSSION
¶4. Webb argues that summary judgment should not have been granted because it is disputed whether Taranto fainted or simply tripped and fell into her.
¶ 5. A plaintiff must submit proof of the four elements of tort, including duty, breach of the duty, causation, and damages, in order to support a negligence claim. Watson Quality Ford, Inc. v. Casanova, 999 So.2d 830, 835 (¶ 14) (Miss.2008). The Mississippi Supreme Court has held that “because negligence presupposes a voluntary act, the actor cannot be negligent for what he does or fails to do while he is unconscious.” Warren v. Pinnix, 241 So.2d 662, 663 (Miss.1970). “However, the actor will be negligent if he fails to heed a warning in the way that a reasonable man would.” Id.
¶ 6. Webb argues that Taranto negligently fell into her, causing her to sustain severe injuries. Webb asserts that a question of fact is presented because Taranto gave conflicting statements about the incident. Taranto’s initial statement on the day of the incident in 2006 was that he “suddenly felt hot,” and the next thing he knew, he “was getting up off of the floor.” In April 2009, Taranto testified in his deposition as follows: “I was just walking around my duties [sic], and I was standing there in a certain area, and then all of a sudden I just fell....” In an affidavit dated June 25, 2009, Taranto stated: “I fainted, became unconscious, and fell to the floor. When I awoke, I was informed that I had fallen into a patron as I was falling to the floor.” Bill Woodard was with Webb at the casino when Taranto fell into her. Woodard was playing a slot machine at the time. Woodard testified that he did not see the fall, but he felt Taranto hit his leg as Taranto fell. Woodard testified that he did not know if Taranto had fainted or simply fell, but when he went to help Taranto stand, Taranto was conscious.
¶ 7. Imperial Palace asserted as an affirmative defense that Taranto had lost consciousness; thus, he did not act negligently. Imperial Palace relied on Taranto’s testimony, Taranto’s lack of history of fainting, and a doctor’s statement that Taranto had no medical condition that would have caused him to faint. Dr. Mag-dy G. Mikhail submitted an affidavit in which he stated that Taranto had been his patient since April 2005. Regarding a history of fainting, Dr. Mikhail stated:
Mr. Taranto has never complained about fainting or passing out. To my knowledge, Mr. James A. Taranto does not have a medical condition that would cause him to faint or pass out. He sought no medical treatment from me on August 6, 2006. Mr. Taranto does have a condition called neurofibromatosis. There is nothing about this condition that would cause him problems in performing his job duties.
*761 Taranto recalled fainting once before the incident with Webb. In the late 1980s, he had a coughing attack and passed out. He saw a doctor who told him he had a coughing syncope, or a loss of consciousness from shortness of breath while coughing.
¶8. In reviewing the evidence, we can find no genuine issue of material fact that precludes summary judgment. In order to prevail on her claim, Webb must show that Taranto was conscious when he fell into her. Webb has admitted that she does not know why Taranto fell. Webb argues that Woodard’s testimony creates a question of fact as to whether Taranto fainted. However, Woodard testified that he did not witness the fall, and he did not know why Taranto fell. The extent of Woodard’s testimony was that when he attempted to help Taranto off the floor, Taranto was conscious. This is consistent with Taran-to’s testimony that he regained consciousness after the fall. Webb next argues that Taranto’s testimony is contradictory. However, Taranto consistently maintained that he lost consciousness and did not remember the incident.
¶ 9. Webb asks this Court to consider the cases of Dickinson v. Koenig, 242 Miss. 17, 183 So.2d 721 (1961), Keener v. Trippe, 222 So.2d 685 (Miss.1969), and Hinton v. McKee, 829 So.2d 519 (Miss. 1976). All three cases involved car accidents and presented a question of fact as to whether the drivers had lost consciousness. We find these cases distinguishable from Webb’s case. In Dickinson, the driver’s testimony was undisputed that he lost consciousness and veered off the road. Dickinson, 242 Miss. at 26, 133 So.2d at 724. However, the Mississippi Supreme Court found that a fact question was presented as to whether the driver’s version of events was consistent with the resulting accident. Id. at 23-24, 133 So.2d at 723. In Hinton, the driver of the car died at the scene of the accident and, thus, could not testify as to whether or not he lost consciousness. Hinton, 329 So.2d at 520. The supreme court found the affirmative defense of loss of consciousness was “weak” because it was based on circumstantial evidence. Id. at 521. In Keener, the driver testified that he had suffered headaches for two months and had taken prescription medication for headaches within twelve or thirteen hours of the accident. Keener, 222 So.2d at 686. The supreme court found “an issue of fact was presented for the jury, both as to whether the defendant actually fainted, and as to whether he was, or should have been, forewarned of the probabilities thereof....” Id. at 687.
¶ 10. In the case at hand, Taranto was able to testify as to what he remembered of the incident. He testified that he did not have a history of fainting. This testimony was corroborated by the affidavit of Dr. Mikhail. We find that no genuine issue of material fact has been presented regarding Taranto’s negligence. Therefore, we find that summary judgment was properly granted. This issue is without merit.
¶11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J„ NOT PARTICIPATING.