# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01906-COA

**OUIDA J. CLAIBORNE**                                                                  **APPELLANT**

**v.**

**OCWEN LOAN SERVICING, LLC, BAKER**                              **APPELLEES**
**DONELSON, BEARMAN, CALDWELL &**
**BERKOWITZ, PC AND ADAMS AND REESE**
**LLP**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OUIDA J. CLAIBORNE (PRO SE) |
| ATTORNEYS FOR APPELLEES: | C. LEE LOTT III |
| | G. ROBERT PARROTT II |
| | CHARLES N. PARROTT |
| | D. STERLING KIDD |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | GRANTED MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO DISMISS IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 10/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.    This case began in 2003, when Ouida Claiborne sued Ocwen Loan Servicing LLC

(Ocwen), alleging that the company had wrongfully foreclosed on her home (*Claiborne I*).

During discovery, Claiborne produced copies of the back of money orders in an attempt to

establish she had made payments on the mortgage.  However, Ocwen introduced evidence

of the front of the money orders, showing that the money orders were in fact not payable to Ocwen, but rather to Claiborne or other entities. Ocwen attached the copies of the authenticated money orders to a motion to dismiss and a motion for summary judgment. After a hearing, the County Court of Warren County granted Ocwen's motions and dismissed Claiborne's claim with prejudice on May 8, 2007, finding that there was no genuine issue of material fact that she "was actually in default through no fault of the Defendants," and that Claiborne had "behaved egregiously" in "bringing this suit based on falsified documents, producing falsified documents and testifying under oath claiming to have made payments [she] did not make[.]" Ocwen was ordered to return any money orders belonging to Claiborne that were still in its possession within thirty days.[1]

¶2. As Claiborne filed an untimely appeal of the county court's order and did not comply with procedural requirements, her subsequent appeal to the Warren County Circuit Court was dismissed on March 6, 2008. She continued to file motions requesting reconsideration of the judgment, a jury trial, and change of jurisdiction. In a June 20, 2008 order, the circuit judge ordered Claiborne to cease filing any additional frivolous motions, and to file any subsequent appeals to the Mississippi Supreme Court. However, Claiborne filed three more motions for appeal with the circuit court, and on January 9, 2009, she filed a motion for

---

[1] Ocwen noted at the hearing that Claiborne had continued to send partial payments after the foreclosure. Since those payments did not fully satisfy the arrearage, Ocwen attempted to return the funds to her. Claiborne, however, refused to accept the returned money orders. Ocwen eventually put money orders totaling $17,721 in a circuit court supervised account on May 17, 2008. In a letter dated January 7, 2014, the circuit clerk informed Claiborne that the majority of the money orders (issued by Western Union) had been "returned by our bank for payment stopped[.]"

recusal. As a result, a show-cause hearing was conducted on February 6. The circuit court held Claiborne in civil contempt and ordered her jailed until she paid a $300 fine. Claiborne then filed an appeal with the Mississippi Supreme Court, which dismissed the appeal on November 1, 2012, for failure "to seek leave of the trial court to file an out-of time appeal" and failure "to comply with the procedural requirements[.]"

¶3. On January 2, 2013, Claiborne filed a second complaint against Ocwen, which is the subject of this appeal. In the complaint, she alleges that in *Claiborne I*, the defendants "tamper[ed] with the evidence and provid[ed] fraudulent money orders that were not by the Plaintiff." She also asserted claims of defamation and pain and suffering. Ocwen filed a motion to dismiss and a motion for summary judgment on March 17, 2013. Claiborne responded, claiming that her complaint was a new action alleging fraud, perjury, spoliation of evidence, and negligence. Claiborne subsequently amended her complaint on May 6, 2013, naming Baker Donelson, Bearman, Caldwell & Berkowitz PC, the firm who represents Ocwen in the current action, and Adams and Reese LLP, the firm who represented Ocwen in *Claiborne I*, as additional defendants to the action.

¶4. Ocwen filed a revised motion for summary judgment on June 19, 2013, arguing that Claiborne was "seek[ing] to litigate issues already decided in a suit she brought in 2003 (*Claiborne I*)." Baker Donelson filed its motion to dismiss on June 27, 2013. Adams and Reese joined in Ocwen's motion for summary judgment and Baker Donelson's motion to dismiss, along with its own motion to dismiss on July 9, 2013.

¶5. The circuit court conducted hearings on July 17, 2013, and September 27, 2013.

3

Concluding that Claiborne's claims were barred by the doctrine of collateral estoppel and the applicable statute of limitations, and that her claims were "non-cognizable," the circuit court entered the following orders on October 7, 2013, that collectively dismissed Claiborne's claims with prejudice: (1) Order Granting Motion to Dismiss of Adams and Reese; and (2) Order Ruling on Motions and Dismissing Civil Action with Prejudice, which dismissed Claiborne's claims against Ocwen and Baker Donelson.

¶6. Claiborne filed a timely appeal, asserting that the circuit court erred in granting the motion for summary judgment.[2] Finding that the circuit court was correct in holding that collateral estoppel applies and bars Claiborne's 2013 action, we affirm the court's ruling. As the first issue is dispositive, we do not address any remaining arguments raised on appeal.

**STANDARD OF REVIEW**

¶7. We review a circuit court's grant of summary judgment de novo. *Webb. v. Imperial Palace of Miss. LLC*, 76 So. 3d 759, 759-60 (¶3) (Miss. Ct. App. 2011). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). All evidence before the circuit court will be considered "in the light most favorable to the non-moving party." *Webb*, 76 So. 3d at 760 (¶3) (citation omitted). "The party opposing the motion 'may not rest upon the mere allegations or denials of his

---

[2] Claiborne's appeal does not address the circuit court's decision to grant the motions to dismiss. However, as the circuit court granted the Appellees' motions to dismiss on the same grounds as its grant of summary judgment (collateral estoppel, statute of limitations), we find our analysis applicable to the court's ruling on those motions as well.

4

pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting M.R.C.P. 56(e)).

## DISCUSSION

¶8.    In the order granting summary judgment dated October 7, 2013, the circuit judge concluded that Claiborne's claims were "barred by the doctrine of collateral estoppel" and "the applicable statutes of limitations." Claiborne argues on appeal that the circuit court erred in granting Ocwen's motion for summary judgment, contending that "collateral estoppel should not apply" and that the statute of limitations was tolled.

¶9.    The collateral-estoppel doctrine precludes parties "from relitigating the specific issues actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Baker & McKenzie LLP v. Evans*, 123 So. 3d 387, 401 (¶49) (Miss. 2013). The issue of collateral estoppel is reviewed de novo. *Id*. Although Baker Donelson and Adams and Reese were not parties to the original action, "if the nonparty can prove that he was in privity with the parties in the former action, then collateral estoppel may be applied." *Id*. at 402. "For a nonparty to be considered in privity, the nonparty must be 'connected with the former action in their interests and be affected by the judgment with reference to interest involved in the action, as if they were parties.'" *Id*. (quoting *Little v. V & G Welding Supply Inc.*, 704 So. 2d 1336, 1339 (¶15) (Miss. 1997)). "Even if the nonparty is considered to be in privity, the issues must be 'the specific issues actually litigated.'" *Id*. (quoting *Marcum v. Miss. Valley Gas Co. Inc.,* 672 So. 2d 730, 732-733 (Miss. 1996). As both law firms represented Ocwen in the

5

previous action (Adams and Reese at trial level and Baker Donelson on appeal), we find privity existed with Ocwen. *See Century 21 Deep South Props. Ltd. v. Corson*, 612 So. 2d 359, 373 (Miss. 1992) (noting that "privity is a necessary component of the attorney-client relationship").

¶10.    Claiborne insists that the 2013 action concerns fraud conducted by the Appellees not addressed in the prior action. The Appellees assert that Claiborne was collaterally estopped from bringing the 2013 action, as it merely relitigated the same issues address in *Claiborne I*. We find collateral estoppel clearly bars Claiborne's January 2, 2013 complaint, in which she claimed that Ocwen "intentionally did spoliation by tampering with the evidence and providing fraudulent money orders" and "withheld and falsified information." But although Claiborne argues her claims of "fraud" and "spoliation" are different causes of action, it is apparent the basis of the 2013 complaint was that the money orders submitted by the Appellees were fraudulent – a claim that the county court specifically addressed and found to be baseless in its May 8, 2007 ruling. *See Dignowity v. Dignowity*, 37 So. 3d 1263, 1267 (¶11) (Miss. Ct. App. 2010) ("Under the doctrine of collateral estoppel, an issue of ultimate fact determined by a former judgment cannot be relitigated between the same parties in a later action." (quoting *Short v. State,* 929 So. 2d 420, 424 (¶12) (Miss. Ct. App. 2006))). At the 2007 hearing on Ocwen's motion for summary judgment in *Claiborne I*, Claiborne alleged: "They did get the money, Your Honor, and I have proof that they did. What they are presenting in court today is forgery." Claiborne continually protested to the county judge throughout the hearing that the money orders presented by Ocwen were "fake." However,

6

the county court determined that Claiborne was the party who presented fraudulent documents in an attempt to support her claim.

¶11.    At the motion hearing on September 27, 2013, the circuit judge concluded:

> There's a country saying that . . . when you put lipstick on a pig, it's still a pig. And the idea is that you can change up the words, you can call it different causes of action, spoliation and perjury and that kind of stuff, but it's all related to the same issue. And those are the issues that you're arguing to me. Did they withhold payment? Did they change the money order? Were you behind on your payments or not? All of those things I'm convinced were before the [c]ounty [c]ourt judge.

We affirm the circuit court's grant of summary judgment, finding that the issues brought in this action were already addressed by the county court in *Claiborne I*, and the doctrine of collateral estoppel barred Claiborne's claim.

¶12.    As this issue is dispositive of Claiborne's appeal, we decline to address any remaining issues.

¶13.    **THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**